VINCENT BORUCINSKI *vs.* HAMPDEN REAL ESTATE TRUST & another.

Hampden.   September 27, 1911. — October 17, 1911.

Present: RUGG, C. J., HAMMOND, BRALEY, & SHELDON, JJ.

*Contract,* Construction, Performance and breach. *Surety. Bond.*

The owner of certain land made a contract in writing with a contractor by which it was provided that the contractor should construct a building for the owner for the sum of $6,500, $1,000 of which the owner "will pay in cash, and $5,500" the contractor "will loan to" the owner "on the lot and building at five per cent;" that the contractor would make a mortgage free of charge and allow the owner "$100 off of this contract, which amount already has been paid for the plan. . . . The $1,000 to be paid in cash satisfactory to both" the owner and the contractor. No interest was to be charged until the date when it

was provided that the contract should be performed by the contractor. The contractor and a surety executed to the owner a bond, which was conditioned on the performance of the contract and which contained a provision that the owner should retain not less than fifteen per cent of the value of all work performed and materials furnished in the performance of the contract until its complete performance by the contractor. The contractor abandoned the contract and the owner brought an action against him and the surety at the trial of which before a judge without a jury it appeared that the owner had paid the contractor $100 when the plans were accepted and $900 about twenty days later, at which time also he had given the contractor a note for $5,500 secured by a mortgage on the land and building, and there was evidence that at that time the contractor had furnished labor and materials worth about $1,459. The surety contended that the payments of $1,000 and the giving of the note for $5,500 secured by mortgage released him from liability on the bond. The judge found for the plaintiff. *Held*, that the phrase in the contract, that the $1,000 was to be paid "in cash satisfactory to both" the owner and the contractor, meant that it should be paid to the contractor at any time satisfactory to the parties; that the purpose of the giving of the note and the mortgage was not for payment but for security for money lent and to be lent; and that, it appearing from the contract that the $100 was paid for the plan, and there being evidence that the $900 paid did not exceed eighty-five per cent of the value of the labor and materials then furnished by the contractor, the finding of the judge was warranted.

CONTRACT, against the Hampden Real Estate Trust, a voluntary association, and the American Surety Company, upon a bond by which the surety company guaranteed the performance by the real estate trust of a building agreement between it and the plaintiff. Writ dated November 27, 1909.

The case was heard by *Crosby*, J., without a jury.

It appeared that the building agreement provided that the real estate trust would build for the plaintiff a certain building on a lot owned by him in Springfield "for the sum of $6,500, $1,000 of this amount the said Borucinski will pay in cash, and $5,500 the said Hampden Real Estate Trust will loan to the said Borucinski on the lot and building at 5 per cent interest. . . . The said Hampden Real Estate Trust do hereby agree to commence work under this contract within two days from this date [April 5, 1909,] and to complete the work on or before October first, 1909. It is also agreed that the Hampden Real Estate Trust will make a mortgage herein named free of charge and also allow the said Borucinski $100 off of this contract, which amount already has been paid for the plan herein referred to. The $1,000 to be paid in cash satisfactory to both Borucinski and the Hampden Real Estate Trust. It is further agreed that

the Hampden Real Estate Trust is not to charge any interest on the mortgage until Oct. 1st, 1909."

The bond which was the subject of this action was in the penal sum of $2,000, with the condition that, if the real estate trust "shall faithfully perform said contract on its part, according to the terms, covenants, and conditions thereof (except as hereinafter provided), then this obligation shall be void; otherwise to remain in full force and effect." The only provision which is material in this case was the following:

"Fourth: That the Obligee shall retain not less than fifteen per centum (15 p. ct.) of the value of all work performed and materials furnished in the performance of such contract until the complete performance by said Principal of all the terms, covenants and conditions thereof on said Principal's part to be performed; and that the Obligee shall faithfully perform all the terms, covenants and conditions of said contract on the part of said Obligee to be performed."

At the trial it appeared that the plaintiff paid the real estate trust $100 when the plan was accepted and $900 about April 20, 1909, at about which date he gave it a mortgage securing a note for $5,500, and there was evidence that at that time the real estate trust had performed work under the contract worth about $1,459. The real estate trust abandoned the work from four to six weeks after it was begun, and the plaintiff procured one Hogan to finish it for him.

At the close of the evidence the defendant surety company asked the judge to make the following rulings:

"1. If before the contractor abandoned the work the plaintiff made a payment on the contract before the entire work was complete, the surety was released from all obligations on its bond.

"2. If before the contractor abandoned the work and before the entire work was complete the plaintiff executed and delivered the mortgage provided for in the contract and especially if the contractor was thus enabled to avail himself of any funds raised by the mortgage, the surety was released from all obligation on its bond.

"3. If, either by payment of the $1,000 or by the execution and delivery of the mortgage or any other way, the contractor

was prepaid for a value not as yet incorporated in the work, the surety was released from all obligation on the bond.

" 4. If, either by payment of the $1,000 or by the execution and delivery of the mortgage or any other way the contractor was prepaid for a value not as yet incorporated in the work and the surety suffered loss thereby, the surety was released from all obligation on its bond.

" 5. If, either by payment of the $1,000 or by the execution and delivery of the mortgage or any other way the contractor was prepaid for a value not as yet incorporated in the work, the surety was released from obligation on its bond to the extent of said prepayment and is entitled to a reduction on this account or any liability it may have incurred upon its bond.

" 6. The provision and the bond for the withholding of fifteen per cent of all work performed and materials furnished was material for the protection for the surety, and any violation of this provision by the plaintiff released the surety from all obligation on its bond.

" 7. The provision and the bond for the withholding of fifteen per cent of all work performed and materials furnished was material for the protection for the surety and any violation of this provision by the plaintiff involves a corresponding reduction in the amount for which the surety would be liable, if liable at all, that is to say, if the liability would be total than a reduction from the penal sum of the bond.

" 8. By the act of the plaintiff in paying the one thousand dollars and also by his act in executing and delivering the mortgage and allowing the contractor to avail itself of certain proceeds thereof, the surety was released from all obligation on its bond.

" 9. If the rental value of the building is an element of damage then from the rental value there should be deducted interest on the payments upon the Hogan contract from the time when the payments should have been made on the original contract up to the time when they were made under the Hogan contract."

The trial judge made the fourth, fifth, sixth, seventh and ninth rulings, and refused the first, second, third and eighth. He found for the plaintiff in the penal amount of the bond and ordered execution in the sum of $1,756. The defendant surety company alleged exceptions.

The case was submitted on briefs.

. *C. H. Barrows,* for the defendant surety company.

*L. White,* for the plaintiff.

HAMMOND, J.   This is an action on a surety bond which guaranteed the performance by the defendant the Hampden Real Estate Trust, hereinafter called the real estate trust, of a building agreement between it and the plaintiff.   The case is before us upon the exceptions of the defendant the American Surety Company, hereinafter called the defendant, which executed the bond only as a surety.

The defendant contends that by the fair construction of the building agreement no cash was to be paid nor was the mortgage to be delivered until the building was fully completed; and that by the delivery of cash and the mortgage before that time the contract was departed from and the fifteen per cent clause of the bond violated, and hence the defendant was thereby released from all obligation on the bond.

We do not adopt the defendant's construction of the contract. While it may be a general rule that the consideration for work to be done is not due until the work is done, still this rule is not applicable where there is anything in the agreement to the contrary.   And this building agreement by fair implication does contain something to the contrary.   The plaintiff was to pay $6,500, of which $1,000 was to be paid in cash and $5,500 was to be lent by the real estate trust on a mortgage.   The agreement was something more than a building contract.   It contained a clause under which the real estate trust was to lend the plaintiff a portion of the cost of the building.   The $1,000 was to be paid in cash " satisfactory to both Borucinski and the " real estate trust.   While it may be true, as contended by the defendant, that this clause refers to the kind of property which should be regarded as cash, still, considering that usually the term cash implies prompt payment, we think that the phrase as used here has reference also to the time of the payment and that a payment at any time satisfactory to the parties, even before the completion of the work, could not be regarded as a departure from the contract.

It is also fairly to be implied from the contract that the mortgage when considered in connection with the circumstances was

to be given before the completion of the building.    The $5,500 is described in the agreement as the sum to be lent to the plaintiff.    It evidently was regarded by the parties as security for the money to be lent.    Before the close of the work the property might be attached or other incumbrances might be placed upon it so that the mortgage would fail to secure the lender as such. Moreover the work was to be completed on or before October 1, 1909, and the agreement provided that no interest was to be charged on the mortgage until October 1, 1909.    Under all the circumstances we think it fairly appears from the building agreement that it was within the contemplation of the parties that not as payment but for the sake of security for the money to be lent the mortgage should be given at any reasonable time, even before the work was done.    The judge ruled as requested by the defendant that the fifteen per cent clause in the bond " was material for the protection for the surety, and any violation of this provision by the plaintiff released the surety."    Under this ruling the judge must have found that the mortgage was not then given as payment for work done but as security for the money lent or to be lent.    In giving it for this purpose the plaintiff is not shown to have departed from the contract.    The fact that the real estate trust assigned the mortgage is not material in this case.

The $100 appears by the written agreement to have been paid for the plan, and the judge under the ruling above named must have found that the cash subsequently paid to the amount of $900 was not in excess of eighty-five per cent of the amount due, and hence was not paid in violation of the fifteen per cent clause of the bond.    This finding is supported by the evidence. There appears no error in the manner in which the court dealt with the defendant's requests.

*Exceptions overruled.*